# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2022

Lyle W. Cayce
Clerk

No. 21-60500
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUANE WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-129

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Duane Williams was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced in 2007 to, *inter alia*, a term of 120 months' imprisonment, followed by eight years' supervised release, which commenced in 2014.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

He challenges the revocation of his supervised release, contending, *inter alia*, that the district court erred in concluding:  he did not have a constitutional right to confront uncalled witnesses; and there was insufficient evidence to support the conclusion that he violated the terms of his supervised release relating to obtaining preapproval before leaving the district and informing his probation officer of any residential or employment changes.  (To the extent he challenges the validity of the underlying search warrant for the discovery of evidence supporting his revocation, review is, at best, only for plain error because, *inter alia*, he did not preserve this issue in district court.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  In any event, the validity of the search warrant is irrelevant because the exclusionary rule does not apply to revocation proceedings absent showing police harassment, not applicable here.  *See United States v. Montez*, 952 F.2d 854, 857–59 (5th Cir. 1992) (holding "that the value to society of safely reintegrating former prisoners clearly outweighs whatever marginal benefit which might accrue from extending the exclusionary rule to supervised release revocation hearings which do not involve harassment").)

A challenge that defendant's confrontation rights in a revocation proceeding were violated is reviewed *de novo*, subject to harmless-error review.  *United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016) (vacating revocation of supervised release and remanding for new hearing).  Unlike the defendant in *Jimison*, Williams did not have a strong interest in confronting a confidential informant because his revocation was not supported by hearsay testimony but by evidence seized as a result of the search of the residence at which Williams was the sole occupant at the time of the search.  *See id.*  His confrontation challenge fails.

A court may revoke supervised release "if it finds by a preponderance of the evidence that a condition of release has been violated".  *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (concluding court did not err in

No. 21-60500

revoking supervised release). A district court's revocation of supervised release is reviewed for abuse of discretion. *Id.*

Despite Williams' assertion that he received permission from a previous probation officer to work out of the district, the preponderance of the evidence reveals that Williams violated the standard conditions: prohibiting him from leaving the district without prior permission from the court or his probation officer; and requiring him to notify his probation officer at least 10 days prior to changing his residence or employment. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (noting that, for a sufficiency challenge, "this Court must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government" (citation omitted)). According to testimony from his current probation officer, Williams failed to obtain permission from her to leave the district and failed to inform her of his address and job changes prior to making them. The letter upon which Williams also relies is a recommendation to the Transportation Security Administration to issue him a transportation worker identification card that would have allowed him to work in the transportation or offshore industries; it does not contain any language canceling the terms of his supervised release.

AFFIRMED.